Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

George L. Donnellan, for appellants.

William H. Janes, for respondent.

PER CURIAM. The plaintiff entered into a written contract with the defendants by the terms of which he agreed to lay a first-class sidewalk in front of certain premises owned by them for the sum of $100, all the work to be done to their satisfaction. It appears from the evidence of the plaintiff that the defendants would not permit him to complete the work. The defendants claimed that the work was not performed to their satisfaction, and that they were required to substitute an entirely new walk, for which they paid $180. On conflicting evidence the trial justice found for the plaintiff for the full amount claimed.

The judgment cannot be sustained. Assuming that the plaintiff was entitled to a judgment, in view of the fact that he only partially performed, his recovery must be measured by the contract price, less such a sum as would be required to complete the work.

The judgment must be reversed, and a new trial ordered, with costs to appellants to abide the event.

---

(56 Misc. Rep. 598.)

### MURPHY v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. November 29, 1907.)

STREET RAILWAYS—ACTIONS FOR INJURIES—QUESTIONS FOR JURY.

In an action against a street railway company for personal injuries, whether plaintiff was negligent or defendant was free from contributory negligence *held*, under the evidence, for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 251–257.]

Appeal from City Court of New York.

Action by Lawrence Murphy against the Interurban Street Railway Company. From a judgment of dismissal, and an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

See 88 N. Y. Supp. 187.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Rudolph Marks, for appellant.

Bayard H. Ames, for respondent.

GILDERSLEEVE, P. J. The complaint in this action was dismissed upon the plaintiff's own testimony, and from an order denying a motion for a new trial the plaintiff appeals.

Under such circumstances the plaintiff's testimony must, with all the reasonable inferences that can be drawn therefrom, be taken as true. He testified that he lived near 124th street, on Second avenue; that he left his house at 7 a. m., intending to take a south-bound car on the avenue; that he walked to the corner of 124th street, and while

at the corner and on the sidewalk he, then being about to cross the avenue, looked both ways for approaching cars. Looking north, he saw a south-bound car, between 125th and 126th streets; and, looking south, he saw a north-bound car at the corner of 123d street and Second avenue, standing still. When he started to cross the street, along the north crosswalk, this car was a full block away. He proceeded, and was hit by the north-bound car as he stepped over the first or easterly rail. He estimates the distance from the curb to the easterly rail of the car track to be from 18 to 20 feet. He was walking "the same as any one else would to get across the street." He is supported in his version of how the accident happened by at least two witnesses, and it was shown that the car approached rapidly, without any bell being rung, and that it was not stopped, after it hit the plaintiff, until near the middle of the block above 124th street. Under the facts disclosed by the testimony, we do not think it can fairly be said that, as a matter of law, the plaintiff was guilty of contributory negligence, or that the defendant was free therefrom.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.